UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**Home Deals of Maine, LLC**

Debtor

Chapter 11

Case No. 21-10267

# KENOBI, LLC'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

NOW COMES Kenobi, LLC, "Kenobi" by and through its undersigned counsel and hereby objects to Debtor's Motion for Authority to Use Cash Collateral as follows:

1. Kenobi admits the allegations in Paragraph 1 of Debtor's Motion.

2. Kenobi admits the allegations in Paragraph 2 of Debtor's Motion.

3. Kenobi admits the allegations in Paragraph 3 of Debtor's Motion.

4. Kenobi admits that the Debtor operates a business owning 13 real estate properties in Waterville, Fairfield, Saco, Arundel, and Buxton, Maine, and leasing residential units on those properties. Kenobi believes that there is also a 14th property identified as 41 Carey Lane in Waterville, Maine. Kenobi is without sufficient information as to how Debtor was able to recently sell two pieces of real property that were subject to a mortgage to Kenobi without receiving a partial release. Kenobi is without sufficient information as to the allegations in Paragraph 4 of Debtor's Motion in regard to the USB mortgage. Kenobi admits the remaining allegations in Paragraph 4 of Debtor's Motion.

5. Kenobi is without sufficient information as to the allegations in Paragraph 5 of Debtor's Motion and therefore puts the Debtor to their proof.

6. The document attached as Exhibit B to Debtor's Motion speaks for itself. Kenobi is without sufficient information as to the remaining allegations in Paragraph 6 of Debtor's Motion.

7. Kenobi admits the allegations in Paragraph 7 of Debtor's Motion but denies that the loan is paid in full. In fact, see the attached demand letter attached hereto and incorporated herein as "Exhibit A."

8. Kenobi is without sufficient information to admit or deny the allegations in Paragraph 8 of Debtor's Motion.

9. Kenobi objects to Debtor's proposal in Paragraph 9 of Debtor's Motion of paying adequate protection payments to only one of Debtor's secured creditors.

10. Kenobi is without sufficient information to admit or deny the allegations in Paragraph 10 of Debtor's Motion.

11. Kenobi is without sufficient information to admit or deny the allegations in Paragraph 11 of Debtor's Motion.

12. Kenobi objects to the relief requested in Paragraph 12 of Debtor's Motion.

13. Kenobi admits the allegations in Paragraph 13 of Debtor's Motion.

14. Kenobi admits the allegations in Paragraph 14 of Debtor's Motion but denies that it has provided its consent.

15. Kenobi is without sufficient information to admit or deny the allegations in Paragraph 15 of Debtor's Motion.

19. Kenobi is without sufficient information to admit or deny the allegations in Paragraph 19 of Debtor's Motion.

20. Kenobi is without sufficient information to admit or deny the allegations in Paragraph 20 of Debtor's Motion.

### Kenobi's Further Objection to Debtor's Motion

1. Kenobi is a legitimate Creditor of the Debtor and this Bankruptcy filing was likely brought for the sole purpose of avoiding the Debtor's obligations to Kenobi.

2. The Debtor, through its own admission, entered into a promissory note (attached hereto and incorporated herein as Exhibit B) and four separate allonges (Allonges One, Two, Three and Four are attached hereto and incorporated herein as Exhibit C, Exhibit D, Exhibit E, and Exhibit F) with Kenobi.

3. The Promissory Note and four Allonges granted Kenobi a second priority on the real properties and an assignment of leases and rents, security interest in the personal property.

4. On or about March 9, 2020, Kenobi served Debtor, through its counsel, with a Demand Letter to collect the outstanding loan balance in the amount of $109,022.86. See Exhibit A.

5. Attached hereto and incorporated herein as Exhibit G is a spreadsheet outlining the original commercial note and the four allonges along with the balances owed to Kenobi by the Debtor as of March 9, 2020.

6. As of today's date, no payments have been made by the Debtor to Kenobi since the date of the Demand Letter.

7. The total monthly payment due Kenobi from the Debtor on the original two $50,000.00 allonges ($100,000.00 total) is comprised of approximately $1,583.33 in interest at the 19% default rate; in addition to $2,000.00 per month for default (if loan not paid by maturity, see section III of Note) and a $95.00 per month late fee for a total of: $3,678.33 per month. This monthly amount excludes attorney's fees, missed interest payments, and default fees on the principal balance.

8. Kenobi is a legitimate secured creditor of the Debtor and has a valid security interest in the Debtor's Cash Collateral and is entitled to receive adequate protection payments and additional protection under the Bankruptcy Code.

WHEREFORE, Kenobi respectfully requests that this Honorable Court deny Debtor's Motion for the Authority to use Cash Collateral in its current form and for such and other relief as this Court deems just and proper.

Dated:  __10/14/2021____

/s/ Joseph L. Goodman, Esq.
_____
Joseph L. Goodman, Esq. Bar #7472
Goodman Law Firm, P.A.
91J Auburn St. PMB 1276
Portland, ME 04103
(207) 775-4335
Email: joseph@goodmanlawfirm.com