UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**Home Deals of Maine, LLC**

Debtor

Chapter 11

Case No. 21-10267

## APPLICATION FOR AUTHORITY TO EMPLOY
## MURRAY, PLUMB & MURRAY AS SPECIAL COUNSEL

NOW COMES Home Deals of Maine, LLC, (hereinafter the "Debtor"), by and through its undersigned counsel, James F. Molleur, Esq., and applies to this Honorable Court for authority to employ Kelly McDonald, Esq. of the law firm of Murray, Plumb & Murray as special counsel ("Special Counsel") for the Debtor to assist the Debtor with matters related to: (1) litigation, claims objections, and/or adversary proceedings associated with a dispute with Kenobi, LLC regarding the validity and enforceability of a certain promissory note, allonges and mortgages between Debtor and Kenobi, LLC and current amounts due, if any, under the promissory note, allonges, and mortgages; and (2) any litigation, claims objections, and/or adversary proceedings associated with a dispute with Scott Durepo or Jedi, LLC; and (3) a Lawsuit pending against the Debtor in state court and in which Debtor has a counterclaim against Kenobi, LLC, Scott Durepo, and Jedi, LLC in which Special Counsel represented the Debtor et al prepetition; and with respect to which Special Counsel advised the Debtor prepetition and has special knowledge and expertise. Attached as Exhibit A is a copy of the state court complaint Scott Durepo and Jedi, LLC filed against Debtor, Jo Roderick, and Roland Pinette. Attached as Exhibit B is a copy of Debtor's, Jo Roderick's, and Roland Pinette's Answer and Counterclaim. Attached as Exhibit C is a copy of Scott Durepo's, Jedi, LLC's, and Kenobi LLC's Reply to the Counterclaim. In support whereof, the Debtor states as follows:

{R1605477.1 31399-071761 }   1

1. On October 6, 2021, Debtor filed a Chapter 11 bankruptcy case.

2. Special Counsel has represented the Debtor prepetition in connection with matters generally and in particular in defending the Debtor et al in the state court litigation commenced in 2020 (the "Lawsuit"), in which the named plaintiffs seek recovery under various theories of contract and tort law including breach of fiduciary duty, breach of contract, fraud, conversion, negligence, intentional infliction of emotion distress, negligent infliction of emotional distress, and accounting. Special Counsel filed a Counterclaim against the plaintiffs asserting breach of contract, breach of fiduciary duty, negligence, unjust enrichment, quantum meruit, fraud, conversion, slander of title, failure to discharge a mortgage, and declaratory judgment.

3. Special Counsel has also been monitoring the Debtor's case post-petition, and has entered his appearance on behalf of Jo Roderick, the sole member of Home Deals of Maine, LLC, and Roland Pinette. Special Counsel is an experienced litigator with extensive knowledge of the facts and documents associated with Debtor's dispute with Kenobi, LLC, et al.

4. Debtor anticipates that Special Counsel's experience and knowledge of the issues associated with disputes with Kenobi, LLC, Scott Durepo, and Jedi, LLC will result in the most efficient and cost-effective means to represent Debtor in any litigation, claims objections, and/or adversary proceedings associated with the Kenobi, LLC note, allonges, and mortgages, or any prospective claims of Scott Durepo and Jedi, LLC. Debtor's undersigned counsel's representation of Debtor regarding any litigation, claims objections, and/or adversary proceedings with Kenobi, LLC, Scott Durepo, or Jedi, LLC would duplicate work already accomplished by Special

Counsel. Debtor's undersigned counsel does not expect any duplication of effort with Special Counsel associated with that litigation, claims objections, and/or adversary proceedings and the estate would benefit significantly from the assistance Special Counsel can provide.

5. The Debtor and its undersigned counsel submit that the estate would receive a substantial benefit from employing Special Counsel to assist with litigation, claims objections, and/or adversary proceedings regarding Kenobi, LLC, Scott Durepo, or Jedi, LLC. To the extent necessary, Special Counsel is willing and able to work with Debtor's undersigned counsel with respect to the interplay between the foregoing matters and the bankruptcy code, only on an as-needed basis.

6. The Debtor therefore wishes to employ Special Counsel to represent it and the estate regarding the above matters, because of Special Counsel's familiarity with the background of those matters, and Special Counsel's litigation experience in such matters.

7. Pursuant to 11 U.S.C. §327(e), the Debtor, with the Court's approval, may employ Special Counsel for a specified special purpose that has represented the Debtor, if it is in the best interest of the estate and if such attorney does not represent or hold any interest adverse to the Debtor or the estate <u>with respect to the matter on which attorney is to be employed</u>. Accordingly, section 327(e) does not prohibit employment by the Debtor of counsel who previously or currently represents the Debtor and does not require that Special Counsel be completely disinterested, and does not require Special Counsel to waive any claim for pre-petition services, as long as Special Counsel is not adverse with respect to the discrete matters on

which employment will be sought. Special Counsel in this instance has agreed to represent the Debtor and assist Debtor's counsel as outlined above, but will not be representing the Debtor or the estate generally, and specifically will <u>not</u> be representing the Debtor or the estate with respect to any other claims matters, or with respect to the treatment of claims in any plan of reorganization to be submitted by the Debtor or the amount of any dividend to be paid thereunder.

8. There is little to no likelihood that there will be any duplication of efforts between Debtor's bankruptcy counsel and Special Counsel, and in fact the Debtor believes that Special Counsel will help the Debtor and the estate avoid significant fees, costs and expenses that would be required without the assistance of Special Counsel in fully researching, evaluating, understanding and effectively litigating all aspects of the affirmative claims and defenses associated with the above litigation, claims objections, and/or adversary proceedings.

9. It is therefore in the best interest of the estate that the Debtor be permitted to reap the full benefit of the skilled and qualified representation related to the complex litigation, claims objections, and/or adversary proceedings regarding these creditors, given Special Counsel's familiarity with prior proceedings and all related facts, and Special Counsel's significant experience and expertise in litigation matters generally.

10. The Debtor and Special Counsel have entered into a separate fee agreement, subject to the court's approval, a copy of which is submitted with this application as <u>Exhibit D</u> ("<u>Special Counsel Fee Agreement</u>").

11. Kelly McDonald, Esq's fees are currently charged at the rate of $365 per hour,

Because of the variety and complexity of the services that will be required, and the uncertainty regarding the extent to which the services of Special Counsel will be required to engage in litigation, claims objections, and/or adversary proceedings, Special Counsel is unable to estimate the total cost of services to be rendered in this case. Special Counsel will apply to this Court for approval for payment of said fees.

12. Subject to this Court's jurisdiction with respect to the allowance and payment of professional fees, the Debtor has agreed that (A) Special Counsel shall be compensated for its services at the rate of the attorney providing the service at the time the service is provided; and (B) reimbursed in full for their cash disbursements and for such expenses as Special Counsel customarily bills its clients, subject to any limitations imposed by this Court.

13. Subject to this Court's approval, the Debtor has agreed that once Special Counsel has incurred expenses or rendered services in any amount, Special Counsel shall file Motions for interim approval of compensation and reimbursement of expenses not less frequently than every 120 days, with the first 120-day period to commence the date of filing. Each Motion shall cover the period that ends on the end of the month that immediately precedes the end of the 120-day period (the "Covered Period"). The Court, in respect of such Motion, may allow or disallow any compensation for fees or expenses incurred during the Covered Period.

14. Kelly McDonald, Esq. of Murray, Plumb & Murray has executed a verified statement pursuant to Fed.R.Bankr.P. 2014(a) and D.Me.LBR 2014-1(a), a copy of which is submitted with this application as Exhibit E.

15. Kelly McDonald has other state court litigation matters to which he must attend during the remainder of 2021 but will be available to represent Debtor as Special Counsel, beginning in mid-December 2021 and January 2022.

WHEREFORE, the Debtor requests that they be authorized to employ Kelly McDonald, Esq. and Murray, Plumb & Murray on the foregoing terms and conditions, and that the court grant such other and further relief as may be just and proper.

Dated: November 12, 2021                     Home Deals Of Maine, LLC


                                             By:/s/ *James F. Molleur*
                                                 James F. Molleur, Esq.
                                                 Molleur Law Office
                                                 190 Main Street, 3rd Floor
                                                 Saco, ME 04072
                                                 (207) 283-3777
                                                 jim@molleurlaw.com