UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**Home Deals of Maine, LLC**
                Debtor

Chapter 11

Case No. 21-10267

## KENOBI, LLC'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS

NOW COMES Kenobi, LLC, "Kenobi" by and through its undersigned counsel and hereby objects to Debtor's Motion for Authority to Sell Real Property Free and Clear of All Liens, Claims, Encumbrances, and Other Interests as follows:

1. Kenobi admits the allegations in Paragraph 1 of Debtor's Motion.

2. Kenobi admits the allegations in Paragraph 2 of Debtor's Motion.

3. Kenobi is without sufficient information as to the allegations in Paragraph 3 of Debtor's Motion.

4. Kenobi states that the document attached as "Exhibit A" speaks for itself. Kenobi is without sufficient information as to the Debtor's wishes outlined in Paragraph 4 of Debtor's Motion.

5. Kenobi admits that the property is subject to a first mortgage held by USB but is without sufficient information as to the approximate balance and requests an accounting prior to this Court authorizing any further sales of estate property. The Debtor has represented in its six (6) previous Motions to Sell Property that the approximate balance owed to USB is $1,400,000.00. This continued representation fails to account for the previous sales.

6. Kenobi admits that they hold a mortgage on the property; however, Kenobi denies that the promissory note has been paid in full. See Debtor's further response and attached documents below.

7. Kenobi denies that the Debtor's proposed use of the sale proceeds is appropriate under the circumstances. Kenobi believes that it should be awarded a percentage of the sale proceeds of any real property in which it has a security interest.

8. Kenobi denies that the Debtor's proposed use of the sale proceeds is appropriate under the circumstances.

9. Kenobi admits that it appears that the Debtor provided notice to the parties listed and is without sufficient information as to the remaining allegations in Paragraph 9 of Debtor's Motion.

## Kenobi's Further Objection to Debtor's Motion

10. Kenobi is a legitimate Creditor of the Debtor's and this Bankruptcy filing was likely brought for the sole purpose of avoiding the Debtor's obligations to Kenobi.

11. The Debtor, through its own admission, entered into a promissory note (previously filed with this Court at Document Number 88 as Exhibit B, which is incorporated herein by reference) and four separate allonges (Allonges One, Two, Three and Four that were also previously filed with this Court at Document Number 88 as Exhibits C, D, E, and F, which are incorporated herein by reference) with Kenobi.

12. The Promissory Note and four Allonges granted Kenobi a second priority on the real properties and an assignment of leases and rents, security interest in the personal property.

13. On or about March 9, 2020, Kenobi served Debtor, through its counsel, with a Demand Letter to collect the outstanding loan balance in the amount of $109,022.86. The Demand Letter was also previously filed with this Court at Document Number 88 as Exhibit A, which is incorporated herein by reference.

14. Kenobi previously filed with this Court at Document Number 88 Exhibit G, a spreadsheet outlining the original commercial note and the four allonges along with the balances owed to Kenobi by the Debtor as of March 9, 2020, which is incorporated herein by reference.

15. As of today's date, no payments have been made by the Debtor to Kenobi since the date of the Demand Letter.

16. Kenobi is a legitimate secured creditor of the Debtor and has a valid security interest in the Debtor's Cash Collateral.

17. The Debtor's position that Kenobi is not a legitimate secured creditor of the Debtor is disingenuous.

18. The Debtor has already been granted permission by this Court to sell six (6) real properties that are subject to a first mortgage to USB and a second mortgage to Kenobi and is now asking the Court for the authority to sell another real property that is subject to a first mortgage to USB and a second mortgage to Kenobi.

19. The Debtor's current motion does not provide any accounting for the previously approved sales by this Court to show their impact on the balance owed to USB. In fact, the Debtor still represents to the Court on the within motion that the balance due is $1,400,000.00 despite the Court allowing Debtor's six (6) previous Motions to Sell Property.

20. The Debtor's petition indicates that prior to the bankruptcy, it previously sold two (2) real properties; one on May 4, 2021 located at 627 Webber Hill Rd. in Kennebunk, Maine for $310,000.00 and another on May 26, 2021 located at 20 Gold St., Waterville, Maine for $138,000.00.

21. These properties were subject to the same exact security interests as outlined in the Debtor's current Motion to Sell, yet the Debtor was able to sell these properties without receiving a release or partial release of the Kenobi second mortgage.

22. At Debtor's 341 hearing on November 4, 2021, it became apparent that the Debtor did not disclose on its Bankruptcy petition all of its creditors. Further, the Debtor did not list all of its sales/transfers of properties prior to the Bankruptcy. To date, the Debtor still has not amended its petition and schedules to include its omitted creditors.

23. A representative of the Debtor, Jo Roderick, testified at the 341 meeting that the Debtor, Home Deals of Maine, LLC (which is a single-member LLC owned by Jo Roderick), transferred the following properties to Home Deals, LLC (which is a single-member LLC owned by Jo Roderick):

a. Real estate located at 1 Bellevue St., Winslow to Home Deals LLC on 01/08/2020 (see transfer document previously filed with this Court at Document Number 88 as Exhibit H, which is incorporated herein by reference).

b. Two parcels related to the Iron Mine Mobile Home Park on 3/11/2021 (see transfer document previously filed with this Court at Document Number 88 as Exhibit I, which is incorporated herein by reference).

24. The Debtor failed to list both of the transfers outlined above in Paragraph 23 on the original Bankruptcy Petition.

25. On the Debtor's Form 207/Statement of Financial Affairs, the Debtor listed that it transferred 26-28 mobile home trailers to Iron Mine, LLC for no consideration in July of 2020. It appears that the transfer was actually made in September of 2020. The Debtor's representative also testified that Iron Mine, LLC (another single-member LLC owned by Jo Roderick) secured approximately $1,500,000.00 in financing on this property after it was removed from the Debtor's Bankruptcy estate for no consideration.

26. Jo Roderick, a representative of the Debtor also testified at the 341 meeting that the Debtor was unsure if she had guaranteed the following mortgages to Franklin-Somerset FCU, both of which were not listed as creditors on the Debtor's Bankruptcy Petition; however, the following documents speak for themselves:

a. A $90,000.00 mortgage to Franklin-Somerset FCU on 01/08/2020 (see Guarantee previously filed with this Court at Document Number 88 as Exhibit J, which is incorporated herein by reference), and

b. A $600,000.00 mortgage to Franklin-Somerset FCU on 02/27/2020 (see Guarantee previously filed with this Court at Document Number 88 as Exhibit K, which is incorporated herein by reference).

27. The Debtor has also not informed this Court as to whether the transaction between the parties to this sale are engaged in an arm's length transaction.

28. The Debtor has failed to be forthright on its Bankruptcy Petition and in its subsequent Motions to Sell.

29. The Debtor has failed to list all of its creditors.

30. The Debtor has failed to list all of its transfers of property leading up to the Bankruptcy on its original bankruptcy petition.

31. Accordingly, the Debtor should be foreclosed from continuing to diminish the Bankruptcy Estate at the expense of its creditors without full disclosure to this Court, and its creditors, of all its assets and liabilities, and transfers.

32. In the event this Court allows this sale to go forward, the proceeds of any sale should be held in escrow pending further administration of the estate or Orders of this Court.

WHEREFORE, Kenobi respectfully requests that this Honorable Court deny Debtor's Motion for the Authority to Sell Real Property Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and for such and other relief as this Court deems just and proper.

Dated: __01/11/2022__

/s/ Joseph L. Goodman, Esq.
_____
Joseph L. Goodman, Esq. Bar #7472
Goodman Law Firm, P.A.
91J Auburn St. PMB 1276
Portland, ME 04103
(207) 775-4335
Email: joseph@goodmanlawfirm.com