UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**Home Deals of Maine, LLC**

Debtor

Chapter 11

Case No. 21-10267

## APPLICATION FOR AUTHORITY TO EMPLOY
## THOMAS A. COX AS SPECIAL COUNSEL

NOW COMES Home Deals of Maine, LLC, (hereinafter the "Debtor"), by and through its undersigned counsel, Tanya Sambatakos, Esq., and applies to this Honorable Court for authority to employ Thomas A. Cox, Esq. as special counsel ("Special Counsel") for the Debtor to assist the Debtor with matters related to: (1) litigation, potential claims, and/or adversary proceedings associated with an August 31, 2018 mortgage loan made by Finance of America Commercial, LLC. (said loan is now owned by U.S. Bank National Association in trust capacity). In support whereof, the Debtor states as follows:

1. On October 6, 2021, Debtor filed a Chapter 11 bankruptcy case.

2. Special Counsel has represented the Debtor prepetition in connection with matters generally and in particular in connection with the legal work and litigation related to issues and potential claims arising out of the August 31, 2018, mortgage loan of $1,835,250 made by Finance of America Commercial, LLC (said loan is now owned by U.S. Bank in trust capacity). Special Counsel rendered services to the Debtor pre-petition and has a pre-petition claim against Debtor's estate in the amount of $3,204.70.

1

3. Special Counsel informed Debtor's counsel that the principal of the Debtor recently voluntarily paid the pre-petition amount due in full.

4. Special Counsel has also been monitoring the Debtor's case post-petition and has been in contact with Debtor's counsel. Special Counsel is an experienced litigator with extensive knowledge of the facts and documents associated with Debtor's dispute with U.S. Bank.

5. Debtor anticipates that Special Counsel's experience and knowledge of the issues associated with disputes with U.S. Bank will result in the most efficient and cost-effective means to represent Debtor in any litigation, potential claims, and/or adversary proceedings associated with an August 31, 2018 mortgage loan made by Finance of America Commercial, LLC. (said loan is now owned by U.S. Bank in trust capacity). Debtor's undersigned counsel does not expect any duplication of effort with Special Counsel associated with that litigation, potential claims, and/or adversary proceedings and the estate would benefit significantly from the assistance Special Counsel can provide.

6. The Debtor and its undersigned counsel submit that the estate would receive a substantial benefit from employing Special Counsel to assist litigation, potential claims, and/or adversary proceedings associated with an August 31, 2018 mortgage loan made by Finance of America Commercial, LLC. (said loan is now owned by U.S. Bank in trust capacity). To the extent necessary, Special Counsel is willing and able to work with Debtor's undersigned counsel with respect to the interplay between the foregoing matters and the bankruptcy code, only on an as-needed basis.

7. The Debtor therefore wishes to employ Special Counsel to represent it and the estate regarding the above matters, because of Special Counsel's familiarity with the background of those matters, and Special Counsel's litigation experience in such matters.

8. Pursuant to 11 U.S.C. §327(e), the Debtor, with the Court's approval, may employ Special Counsel for a specified special purpose that has represented the Debtor, if it is in the best interest of the estate and if such attorney does not represent or hold any interest adverse to the Debtor or the estate <u>with respect to the matter on which attorney is to be employed</u>. Accordingly, section 327(e) does not prohibit employment by the Debtor of counsel who previously or currently represents the Debtor and does not require that Special Counsel be completely disinterested and does not require Special Counsel to waive any claim for pre-petition services, as long as Special Counsel is not adverse with respect to the discrete matters on which employment will be sought. Special Counsel in this instance has agreed to represent the Debtor and assist Debtor's counsel as outlined above, but will not be representing the Debtor or the estate generally, and specifically will <u>not</u> be representing the Debtor or the estate with respect to any other claims matters, or with respect to the treatment of claims in any plan of reorganization to be submitted by the Debtor or the amount of any dividend to be paid thereunder.

9. There is little to no likelihood that there will be any duplication of efforts between Debtor's bankruptcy counsel and Special Counsel, and in fact the Debtor believes that Special Counsel will help the Debtor and the estate avoid significant fees, costs and expenses that would be required without the assistance of Special

Counsel in fully researching, evaluating, understanding and effectively litigating all aspects of the affirmative claims and defenses associated with the above litigation, claims objections, and/or adversary proceedings.

10. It is therefore in the best interest of the estate that the Debtor be permitted to reap the full benefit of the skilled and qualified representation related to the complex litigation, claims objections, and/or adversary proceedings regarding these creditors, given Special Counsel's familiarity with prior proceedings and all related facts, and Special Counsel's significant experience and expertise in litigation matters generally.

11. The Debtor and Special Counsel have entered into a separate fee agreement, subject to the court's approval, a copy of which is submitted with this application as <u>Exhibit B</u> ("<u>Representation Agreement</u>").

12. Thomas A. Cox, Esq's fees are currently charged at the rate of $400 per hour. Because of the variety and complexity of the services that will be required, and the uncertainty regarding the extent to which the services of Special Counsel will be required to engage in litigation, potential claims, and/or adversary proceedings, Special Counsel is unable to estimate the total cost of services to be rendered in this case. Special Counsel will apply to this Court for approval for payment of said fees.

13. Subject to this Court's approval, the Debtor has agreed that once Special Counsel has incurred expenses or rendered services, Special Counsel shall file Motions for interim approval of compensation and reimbursement of expenses not less frequently than every 120 days, with the first 120-day period to commence the

date of filing. Each Motion shall cover the period that ends on the end of the month that immediately precedes the end of the 120-day period (the "Covered Period"). The Court, in respect of such Motion, may allow or disallow any compensation for fees or expenses incurred during the Covered Period.

14. Thomas A. Cox, Esq. has executed a verified statement pursuant to Fed.R.Bankr.P. 2014(a) and D.Me.LBR 2014-1(a), a copy of which is submitted with this application as Exhibit A.

WHEREFORE, the Debtor requests that it be authorized to employ Thomas A. Cox, Esq. on the foregoing terms and conditions, and that the court grant such other and further relief as may be just and proper.

Dated: September 22, 2022                                              Home Deals Of Maine, LLC


By:/s/ *Tanya Sambatakos*
Tanya Sambatakos, Esq.
Molleur Law Office
190 Main Street, 3rd Floor
Saco, ME 04072
(207) 283-3777
tanya@molleurlaw.com