| Fill in this information to identify the case: |
|---|
| Debtor: Home Deals of Maine, LLC |
| United States Bankruptcy Court for the District of Maine |
| Case number: 21-10267 |

**Modified Plan of Reorganization for Small Business Under Chapter 11**

Home Deals of Maine, LLC's Modified Plan of Reorganization dated October 26, 2022.

**Background for Cases Filed Under Subchapter V**

### A. Description and History of the Debtor's Business

The Debtor is a limited liability company formed under the laws of the State of Maine. Since 2013, the Debtor has been in the business of owning real estate properties in Maine and leasing residential units on those properties. The Debtor has continued to operate its business as a Debtor in Possessions pursuant to 11 U.S.C. §§1182, 1184 throughout the Subchapter V Chapter 11 case.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit 2.

### C. Ability to make future plan payments & operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Debtor's Plan provides for a single distribution to be funded primarily from the sales of the Debtor's real property assets. The total scheduled value of the Debtor's real property assets is $2,701,000 as shown in Exhibit 3.

The liquidation analysis (Exhibit 2), together with the scheduled value of the real property assets (Exhibit 3) and the sales completed to date show that the Debtor will have sufficient projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) to fund the Plan. The financial projections are further detailed in Exhibit 4.

The final Plan payment is expected to be paid on or before the date that is 180 days after the Effective Date of this Plan.

The Debtor will therefore have sufficient disposable income to fund this Plan and fully satisfy its creditors' allowed secured claims and allowed nonpriority unsecured claims.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these   projections.**

### Article 1:  Summary

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Home Deals of Maine, LLC (the "Debtor") from what is referred to herein as "Plan Cash."  During the pendency of the Plan, the Debtor shall make periodic payments into Debtor's Counsel's Chapter 11 Trust Account sufficient to pay allowed claims in full (the "Plan Cash").  Such funds shall be distributed to creditors in a total of one (1) distribution (the "Initial Distribution"), as shown on the projections set forth in Exhibit 1 attached hereto.  The Initial Distribution shall begin within 180 days of the Effective Date of this Plan.  The Debtor shall file and serve a Notice of Substantial Consummation not later than 14 days following the Initial Distribution.

This Plan provides for:
- 0 classes of priority claims;
- 3 classes of secured claims;
- 3 classes of non-priority unsecured claims; and
- 1 class of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar.  This Plan also provides for payment of administrative claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you  have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2:  Classification of Claims and Interests

2.01   Class 1:  The claim of Deere & Company d/b/a John Deere Financial ("John Deere"), as allowed as a secured claim under §506 of the Code.

2.02   Class 2:  The claim of Kenobi, LLC ("Kenobi") as allowed as a secured claim under §506 of the Code.

2.03   Class 3:  The disputed secured claim of U.S. Bank, National Association, not in its individual capacity, but solely as trustee for Fidelity & Guaranty Life Mortgage Trust 2018-1/NewRez LLC d/b/a Shellpoint Mortgage Servicing ("US Bank"), to the extent allowed under the Code.

2.04   Class 4:  Non-priority unsecured claims of Scott Durepo and Jedi, LLC. ("Durepo and "Jedi").

2.05   Class 5:  The disputed unliquidated claim of Jennifer Pinkham ("Pinkham")

2.06   Class 6:  Non-priority unsecured claims of North Star Realty ("NSR") and Alliance Realty ("AR").

2.07   Class 7:  The interests of "Equity Security Holder" Jo A. Roderick in property of the Debtor's estate.

### Article 3:  Administrative Expense Claims

3.01   Unclassified claims:  Under §1123(a)(1) of the Code, administrative expense claims and priority tax claims are not in classes.

3.02   Administrative expense claims:  Administrative expense claims including, without limitation, professional fees and expenses and the Subchapter V Trustee claim are unimpaired. All Administrative Claims shall be paid in full, unless payment terms are subject to a separate Order of the Court: (a) on the later of the Effective Date or the date on which each such Claim becomes and Allowed Claim; or (b) in accordance with such terms as may be agreed upon by the Debtor and each holder of an Administrative Claim. on the effective date of the Plan or upon such other terms as may be agreed up

3.03   Priority tax claims:  Each holder of a priority tax claim pursuant to §507(a)(8) of the Code will be paid the total value of their respective Priority Unsecured Claim consistent with §1129(a)(9)(C) of the Code.

### Article 4:  Treatment of Claims and Interests Under the Plan

4.01   Claims and interest shall be treated as follows under this Plan:

Class 1 claim of John Deere is unimpaired.  The underlying contract for which is the basis of the Class 1 claim shall remain in full force and effect.  Beginning in September, 2022,

the Debtor will resume making monthly payments to John Deere as contractually due and agreed to. Outstanding post-petition payments in the amount of $37,287.69 through and including August, 2022, shall be paid in the Initial Distribution.

Class 2 claim of Kenobi is unimpaired. In full and final satisfaction of its claim, Kenobi is allowed a secured claim in the amount of $300,000. Additional material terms of the treatment of this claim, as agreed to by the Debtor and Kenobi, are attached hereto as Exhibit 4 and incorporated by reference as if fully set forth herein.

Class 3 disputed claim of US Bank is impaired. During the pendency of this case and as of September 23, 2022, US Bank has received $559,374.89 on account of its filed claim. These funds were paid directly to US Bank from the sale of the following parcels of real estate: 15 Gray St., Waterville, ME; 183 Middle Rd., Fairfield, ME; 1 Gingerbread Ln., Waterville, ME; and 1 King St., Fairfield, ME. The Debtor objects to any further payment on the claim until there is a final determination on the amount of the claim.

Class 4 claims of Durepo and Jedi are unimpaired. By agreement of the Debtor and Durepo and Jedi, their claims are disallowed. Additional material terms of the treatment of these claims, as agreed, are attached hereto as Exhibit 5 and incorporated by reference as if fully set forth herein.

Class 5 disputed unliquidated claim of Pinkham is impaired. Payment in full and final satisfaction on the Pinkham disputed claim shall solely be through resolution by agreement or judicial determination in the pending Kennebec County Superior Court Civil Action of Pinkham vs. PAR Resources, LLC, Docket No.: AUGSC-CV-2021-177. There shall be no payment on this claim through this Plan.

Class 6 non-priority unsecured claims of NSR and AR are impaired. In full and final satisfaction of its respective claims, NSR shall receive payment in cash from the Initial Distribution in the amount of $12,250.00 and AR shall receive payment in cash from the Initial Distribution in the amount of $17,625.00. NSR and AR agree to subordinate their respective claims and will only be paid if all other allowed claims are paid in full.

Class 7 claim of the interests of Equity Security Holder Jo A. Roderick in property of the Debtor's estate and unimpaired. Ms. Roderick is the sole member of the Debtor and is not taking a distribution under this Plan. Upon entry of the Confirmation Order, all property of the Debtor's estate shall vest in the Debtor, free and clear of all liens, claims and encumbrances, except to the extent provided in this Plan, pursuant to §1141(b) of the Code.

**Article 5: Allowance and Disallowance of Claims**

5.01   Disputed Claim:   A disputed claim is a claim that has not been allowed or disallowed and as to which either:

> (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or
>
> (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of distribution on a disputed claim:     No distribution will be made on account of a disputed claim unless such claim is allowed.

5.03   Settlement of disputed claims:    The Debtor will have the power and authority to settle and compromise a dispute claim with court approval and compliance with Rule 9010 of the Federal Rules of Bankruptcy Procedure.

**Article 6:  Provisions for Executory Contracts and Unexpired Leases**

6.01   Assumed executory contracts and unexpired leases:  The Debtor assumes the following executory contracts and unexpired leases as of the effective date:

(a) Contract for Deed entered into with Debtor and Scott Dehetre of 93 Proctor Road, Arundel, ME 04046 to purchase real estate located at 93 Proctor Road, Arundel, ME [Section 2.8 of Schedule G in Dkt. No. 1];

(b) Contract for Deed entered into with Debtor and Torry and Marc Raychard of 8 Church Hill Road, Buxton, ME  04093 to purchase real estate located at 8 Chruch Hill Road, Buxton, ME  04093 [Section 2.10 of Schedule G in Dkt. No. 1] and pursuant to renegotiated terms as further detailed in the Motion to Sell filed with this Court on September 20, 2022 [Dkt. No. 290], which is and are hereby incorporated by reference.

Since the filing of the plan on January 4, 2022, the sales contemplated in the remaining executory contracts and unexpired leases listed on Schedule G in Dkt. No. 1 have been consummated.  To the extent it is necessary, the Debtor assumes the terms of the purchase and sale agreements listed on Section 2.2 of Schedule G, Section 2.5 of Schedule G, Section 2.6 of Schedule G, Section 2.9 of Schedule G [Dkt No. 1] and the purchase and sale agreement attached as Exhibit A to Dkt. No. 40.

6.02   Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under Section 6.01 of this Plan, or that are subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## Article 7:  Means for Implementation of the Plan

The Debtor shall have adequate means for implementation of this Plan pursuant to § 1123(a)(5) of the Code by the proceeds of the sales of the Debtor's real property assets and any other funds generated or received by the Debtor and not allocated or paid pursuant to this Plan that may become available.  Upon entry of the Confirmation Order, all property of the Debtor's estate shall vest in the Debtor, free and clear of all liens, claims and encumbrances, except to the extent provided in this Plan, pursuant to § 1141(b) of the Code.

## Article 8:  General Provisions

8.01   Definitions and rules of construction:  The definitions and rules of construction set for in §101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:  N/A

8.02   Effective date:  The effective date of this Plan is the first business following the date that is 14 days after the entry of the confirmation order.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after on which the stay expires or is otherwise terminated.

8.03   Severability:  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   Binding effect:  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05   Captions:  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   Controlling effect:  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Maine govern this Plan and any agreements, documents, and instruments execution in connection with this Plan, except as otherwise provided in this Plan.

8.07   Corporate governance: The Debtor is a single member limited company.  Pursuant to § 1123(a)(6) of the Code, the Debtor avers that it shall not issue nonvoting equity securities, and further, avers that it has no other "Equity Security Holders" beyond those listed above in this Plan, and that collectively said "Equity Security Holders" own 100% of the limited liability company; in accordance with the requirements of § 1123(a)(6) of the Code, voting power within the limited liability company is appropriately distributed among the class(es) of securities.


8.08   Retention of jurisdiction:  To the maximum extent permitted by applicable law, the Bankruptcy Court shall retain jurisdiction over the Case after the Confirmation Date for the following purposes:

> (a) to consider and approve any amendment, modification or correction of the Plan, subject to the restrictions set forth in Bankruptcy Code Section 1193 and any modification of the Confirmation Order;
>
> (b) to hear and determine all Fee Claims and all objections filed by the Debtor with respect to Claims other than Fee Claims;
>
> (c) to hear and determine all adversary proceedings, contested matters, or other actions commenced in the Bankruptcy Court by the Debtor against any party and pertaining to any matter, including, without limitation, proceedings for recovery of assets or avoidance of obligations or liens under Sections 544, 545, 546, 547, 548, 549, 550, and 553 of the Bankruptcy Code, proceedings relating to the assumption or rejection of Executory Contracts and Unexpired Leases, and proceedings relating to the enforcement by any creditor of any remedy against the Debtor;
>
> (d) to hear and determine any disputes arising under the Plan, its implementation and the execution of any necessary documents thereunder;
>
> (e) to grant extensions of any deadlines set forth in the Confirmation Order as may be appropriate;
>
> (f) to enforce all injunctions and stays granted under this Plan or the Bankruptcy Code, and to enforce the discharge provisions of the Bankruptcy Code and the Plan; and,
>
> (g) to make such Orders as are necessary and appropriate to carry out and implement the provisions of the Plan.

**Article 9:  Discharge**

9.01 Discharge of the Debtor corporation under Subchapter V

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
   (a) imposed by this Plan; or
   (b) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this  Plan until the court grants a discharge on

completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:
- (a) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
- (b) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Article 10: Other Provisions**

10.01 Any and all holders of allowed claims or interest that this Plan places in a Class or Classes that is/are impaired under this Plan that do not accept or reject this Plan on or before the date fixed by the Court shall be deemed to have accepted this Plan pursuant to § 1126 of the Code

Remainder of the Page Intentionally Left Blank

Dated: October 26, 2022              /s/ Jo A. Roderick
                                     Home Deals of Maine, LLC by Jo A. Roderick


Dated: October 26, 2022              /s/ Tanya Sambatakos
                                     Tanya Sambatakos, Esq.
                                     Molleur Law Office
                                     190 Main St., 3rd Fl
                                     Saco, ME 04072
                                     (207) 283-3777
                                     tanya@molleurlaw.com